**William S. HART, Jr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 9, 1978.

Certiorari Denied by Supreme Court
May 22, 1978.

Joe C. Davis, Carthel L. Smith, Jr., Lexington, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Robert B. Smith, Asst. Dist. Atty. Gen., Savannah, Billy C. Blow, Asst. Dist. Atty. Gen., McLemoresville, for appellee.

## OPINION

WALKER, Judge.

In his trial under two indictments, the appellant, William S. Hart, Jr., was acquitted of possession of a firearm in the commission of a felony but was convicted of possession of marijuana with intent to sell and sentenced to one to three years in the penitentiary. On his appeal he contends that (1) the court erred in the admission of evidence taken from his automobile by a warrantless search, and (2) the court also erred in permitting him to be cross-examined about a prior conviction for the sale of marijuana. We find both assignments to be without merit.

In his challenge to the admissibility of the evidence of marijuana, scales and other items taken from his car, the appellant contends that he was unlawfully stopped because (1) there was no probable cause to believe that he was speeding, as alleged by officers, and (2) the stop was a subterfuge to search his vehicle for drugs.

At a hearing outside the presence of the jury, at which the appellant did not testify or offer any evidence, the trial court found the stop lawful and the evidence admissible. Huntingdon Police Officer Geurin testified that on the night of March 10, 1977, he noticed the appellant's car leaving the vicinity of the court square at a high rate of speed in a 30-mile zone, that he turned on his blue lights and pursued the appellant for about half a mile before the appellant stopped. Although Officer Geurin's dash lights were out and he could not see his speedometer, both he and Officer Sawyers, who followed in another vehicle, thought that the appellant was traveling in excess of the speed limit.

Officer Geurin approached the open window of the appellant's vehicle and, while inquiring if the appellant knew the speed limit, Geurin smelled marijuana coming from the car. After asking the appellant and his passenger to get out of the car, the officer observed several bags lying on the floorboard or under the front seat. One of the bags contained three-fourths of an ounce of marijuana, small scales, a pistol and other articles.

The trial judge held that the arrest here was predicated on a justified stopping of the vehicle for a traffic violation and that the officers had probable cause to search the vehicle after detecting the odor of marijuana. The appellant argues that the stop was a mere subterfuge to search the vehicle because the officer could not "clock" his vehicle and because the officer later charged him with reckless driving, a charge that had not been disposed of by the time of his trial and conviction on these charges. Although the appellant was not cited for speeding, this does not compel the conclusion that there was no probable cause to stop the appellant on that ground. The trial judge correctly found the stop lawful. It follows that the officers' search of the vehicle was proper, based upon the independent probable cause ground of the marijuana odor. *State v. Hughes,* 544 S.W.2d 99 (Tenn.1976); *Hicks v. State,* 534 S.W.2d 872 (Tenn.Crim.App.1975).

Testifying in his own behalf, the appellant denied knowing that any contraband was in his automobile. His evidence suggests that it could have been left there by some other person and that it was in his car by mistake or accident. At a hearing

outside the presence of the jury, the trial judge overruled his objection to the state's cross-examining him about his guilty plea to a prior charge of possessing marijuana with intent to sell. The trial judge admitted this evidence solely on the appellant's credibility, relying on *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976). He held that the probative value of this interrogation about the prior conviction outweighed its prejudicial effect. He followed the rule in *State v. Morgan, supra,* and we find no abuse of his discretion.

Affirmed.

DAUGHTREY, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.