**Walter R. LONG, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

May 14, 1980.

Permission to Appeal Denied by Supreme Court July 28, 1980.

Joe E. Manuel, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, John W. Goza, Asst. Dist. Atty. Gen., Chattanooga, Tenn., for appellee.

OPINION

O'BRIEN, Judge.

Appeal from a judgment in the Hamilton County Criminal Court finding defendant guilty of assault with intent to commit murder in the first degree with the penalty fixed at not less than six (6) nor more than

twenty–one (21) years. When the jurors returned this verdict the trial judge then had them deliberate further to consider a penalty for possession of a firearm in the commission of a felony. They found defendant guilty of this offense and set the penalty at not less than two (2) years nor more than two (2) years. The trial judge set the sentences to run consecutively.

The only issue for review charges error to the trial court in overruling a motion in limine.

The motion in limine requested an order prohibiting the District Attorney General from placing into evidence, in any manner, the existence of a prior second degree murder conviction because the probative value of admitting this evidence outweighed its prejudicial effect to the defendant, and because his previous offense did not involve dishonesty or false statements. In the motion defendant also requested a prohibition against introducing evidence of prior misdemeanor convictions upon the ground that any such crimes of which defendant was guilty were not punishable by death or imprisonment in excess of one year and the probative value of admitting such evidence was outweighed by its prejudicial effect.

Hearing on the motion was reserved until the day of the trial. No evidence was presented. Defense counsel argued that under the authority of *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976) the Supreme Court of this State had adopted the Federal Rules of Evidence concerning impeachment by the introduction of evidence of a prior conviction. It was contended that the probative value of admitting evidence of defendant's prior convictions for impeachment purposes was far outweighed by the prejudicial effect to him. After hearing the State's argument on the issue the trial court ruled that the order requested was somewhat wider than was justified by the information known to the court at that time. He overruled the motion in limine stating he would abide by the guidelines of *State v. Morgan, supra*. It was the court's further comment that if circumstances developed in the course of the trial which warranted such action he would reconsider the matter. At the conclusion of the State's proof defense counsel requested a further ruling on the motion in order to establish the order of proof to be called on behalf of defendant. The court ruled that within the limits of the *Morgan* case the District Attorney General would be allowed to ask the defendant about prior convictions. Defendant then called as his first witness a hearing examiner from the Department of Corrections. This witness had held a preliminary hearing to determine if probable cause existed to refer defendant to the Pardons and Parole Board for a hearing on revocation of his parole on a prior sentence.

The purpose of calling the witness was to impeach some of the testimony of the victim. Following this very unorthodox procedure defense counsel had the witness read from the pertinent part of the transcript of the preliminary hearing. The witness was then turned over to the State for cross–examination. After some opening questions to disclose the purpose of the preliminary hearing the District Attorney General asked the witness the nature of the sentence defendant was serving when paroled. The witness responded that it was a ten (10) to twenty (20) year sentence for second degree murder. After further probing regarding the date of conviction and parole he testified the parole date was in October, 1975.

No objection was made to this testimony. Subsequently when defendant took the stand he testified he had pled guilty to the offense of second degree murder on March 12, 1970. On cross–examination the District Attorney again inquired about the year the conviction occurred and when defendant was released on parole. Inquiry was then made relative to a conviction for attempted grand larceny while defendant was on parole resulting in a sentence of eleven months and twenty–nine days. This was denied by the defendant.

■ We are of the opinion that several issues are involved under the facts of this case. First of all, dealing specifically with the question raised by defendant, our Supreme Court has made it clear by adopting

the Federal Rules of Evidence in *Morgan,* supra, that for the purpose of impeachment a defendant may be asked about prior crimes punishable by death or imprisonment in excess of one year. The court specifically limited the inquiry in such a case to the fact of the former conviction and the nature of the crime. The decision also provides for a determination by the trial judge, out of the presence of the jury, whether the probative value of admitting this evidence outweighs its prejudicial effect to the defendant. In this case the trial judge made no such finding although his ruling that defendant might be asked about prior convictions within the limits of the *Morgan* case indicates implicitly, in line with the rule, he weighed the prejudicial effect against the probative value of the evidence. We urge trial judges, after a hearing on the record, to explicitly state their reasons for allowing or disallowing the admission of prior conviction evidence for the purpose of impeachment so the appellate courts may properly determine the rule has been followed in reaching the decision. See *United States v. Mahone,* 537 F.2d 922 (7th Cir. 1976).

The State's cross–examination of the defense witness Richburg about the nature of the offense and the degree of punishment involved in defendant's prior conviction was a direct, positive violation of the *Morgan* rule. Cross–examination is not limited in Tennessee to subject matter dealt with on direct examination, but rather it extends to any matters material to the lawsuit. See Paine's Tennessee Law of Evidence, Sec. 188, and cited cases. In this case the defendant had not yet testified so there was no basis for his impeachment, or for attacking his credibility as a witness. There is no suggestion that this cross–examination was entered upon for the purpose of any of the other exceptions to the admission of evidence of other crimes. See *Carroll v. State,* 370 S.W.2d 523, 212 Tenn. 464 (1963). The State argues that any error in the admission of the evidence was cured when defendant took the stand and admitted he had been convicted of second degree murder. This is usually true. See *Braziel*

*v. State,* 529 S.W.2d 501 (Tenn.Cr.App. 1975). This would also normally be true in light of defendant's failure to make a simultaneous objection at the time of the cross–examination. Under the circumstances however, once the evidence was admitted, defendant was faced with a Hobson's choice. The evidence was already in the record. To call attention to it by objection could only emphasize its existence to the jury. He then either had to let the improperly admitted evidence of his prior conviction go by the board without any effort on his part to mitigate its impact or, the court having already advised counsel he would allow examination about his convictions within the limits of the *Morgan* case, face the interrogation of the Assistant District Attorney General on the subject. In addition to the previous examination of Mr. Richburg, the Attorney General cross–examined the defendant about his prior conviction for second degree murder, including the sentence imposed, as well as the fact of his subsequent conviction while he was on parole.

This was a further violation of *Morgan,* in which our Supreme Court, citing from *Hendricks v. State,* 39 S.W.2d 580, p. 581, 162 Tenn. 563, 566, fixed the perimeters which must not be exceeded in quest of impeachment:

> Inquiry ... "[M]ust be limited to the fact of a former conviction and of what crime, with the object only of affecting the credibility of the witness, not prejudicing the minds of the jury as to the guilt of the defendant witness of the crime for which he is on trial."

There has not been, to our knowledge, any criteria set in the case law of this State to assist trial judges in striking the necessary balance between probative value and prejudice in making the determination to admit, or not to admit, such evidence. For instance, acts of deceit, fraud, stealing or cheating suggest conduct which reflects adversely on a person's honesty and integrity. On the other hand, crimes which involve violence or are of an assaultive nature

**486**

may result from a short temper, a combative nature, extreme provocation, or other causes generally having little or no direct bearing on honesty or veracity. See *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967). While these are not the only factors to be considered, as a general rule evidence of convictions for the same kind of crime should be admitted sparingly because of the impression on jurors that if a person committed such an offense once, he was probably guilty a second time. See *Gordon*, supra, p. 940. Where a conviction is for a crime substantially different from that charged against the defendant at trial the likelihood of direct, prejudicial effect is minimal. Where, however, the prior conviction and instant offense are similar in nature the possible prejudicial effect increases greatly and should be more carefully scrutinized. In this case the present offense was a crime of violence as was defendant's prior conviction. Since the trial judge did not state the reasons upon which he based his conclusion to allow evidence of defendant's prior crime we are unable to say whether there was an abuse of discretion on his part in admitting the evidence.

We hold (1) that the cross–examination of defense witness Richburg in regard to defendant's prior conviction, when defendant had not yet taken the stand or placed his credibility at issue, was prejudicial; (2) that the nature of the District Attorney General's examination of defendant in reference to his prior convictions exceeded the limits imposed by Morgan, supra; (3) defendant was not entitled to a blanket prohibition against the introduction of evidence of his prior convictions, as requested in his motion in limine, in order for him to make a decision whether or not he would testify, or to decide in what order he would put on his witnesses. See *Ellison v. State*, 549 S.W.2d 691 (Tenn.Cr.App.1976). He was entitled only to a hearing to determine whether or not evidence of his prior convictions had greater probative value for the purpose of impeachment than its prejudicial effect to his defense; (4) that the Assistant District Attorney was correct in his assumption that petit larceny is a prior offense which may be admitted for the purpose of impeachment since the penalty prescribed for that offense is in excess of one year. *State v. Morgan, supra.* However, the procedure set out in *Morgan* for cross–examination in this regard must be scrupulously followed.

In view of the several errors outlined in this opinion we conclude the case must be reversed and remanded for a new trial.

CORNELIUS and SCOTT, JJ., concur.