STATE of Tennessee, Appellee,

v.

Elza Dean LEWIS, Jr., Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 11, 1981.

Permission to Appeal Denied by the Supreme Court Feb. 22, 1982.

Walter C. Kurtz, Metropolitan Defender, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Ronald E. Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

DUNCAN, Judge.

The appellant-defendant, Elza Dean Lewis, was convicted of armed robbery and received a penitentiary sentence of twenty-eight (28) years.

The defendant contends that hearsay was erroneously admitted into evidence, insists that a requested instruction on identification was improperly denied, and says that the trial court erred in restricting his argument to the jury. We find no merit to these complaints.

On June 30, 1980, Gerald Sears was collecting accounts for his employer in a housing project when a black male, later identified as the defendant, approached Sears, pulled a gun on him, and forced him to lie on the ground while an accomplice removed Sears' wallet. The defendant shot Sears twice and then ran off.

At trial, Sears testified that the robber who shot him had a birthmark on his face,

and that he had a good opportunity to observe him. He identified the defendant as being this person.

■ On direct examination, Sears was asked: "[D]o you remember the description that you gave Detective [Larry] Flair while you were there at the hospital?" Sears replied, "[y]es, I guessed him to be approximately 25–26 years of age, approximately 5' 4" in height, weighing between 120 to 130 pounds." The defendant objected on the grounds that Sears' answer was hearsay, but the trial court ruled that the evidence was admissible as a "contemporaneous statement."

Whether the trial court gave a proper reason for the admission of the evidence need not be considered because in our opinion, the statement complained of was not hearsay.

"Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." *McCormick, Law of Evidence* § 225 (1954).

"Hearsay evidence does not derive its value solely from the credit to be given to the witness testifying, but rests in part on the veracity and competence of some other person. It is evidence offered in court by a witness which is based not on his own knowledge, but on what some other person has stated, and the statement is offered to show the truth of its content." 2 *Wharton's Criminal Evidence*, § 265 (13th ed. 1972).

When tested in the light of the above definitions, and when the statement complained of is examined closely, we find no hearsay problem to be present.

The victim's affirmative response to the question as to whether he remembered the description he gave the police was not hearsay, but was merely a statement of fact. Further, the remainder of his answer detailing what he "guessed" to be the robber's description only told the jury the victim's version of the robber's description, as the robber appeared to him at the time of the crime. Clearly, the victim was entitled to relate to the jury a description of the person who had robbed him and the testimony complained of did nothing more than that. The victim was not testifying as to what some other person had said. His testimony about the robber's description was based on his own personal observation, and he was available for cross-examination by the defendant.

Even if the victim's testimony could be characterized as hearsay, we point out that admission of hearsay evidence relating to extrajudicial identification has been allowed in Tennessee. *See Brown v. State*, 186 Tenn. 378, 210 S.W.2d 670 (1948); *Blankenship v. State*, 1 Tenn.Cr.App. 178, 432 S.W.2d 679 (1967); *Armstrong v. Bowman*, 21 Tenn.App. 673, 115 S.W.2d 229 (1937).

In other jurisdictions, the testimony of the identifier as to prior identification has generally been held admissible as against the objection that it is hearsay, for the reasons that such testimony relates to a matter within the knowledge of the witness, and that it is more reliable than an identification at trial. *See* 1 *Wharton's Criminal Evidence*, § 187 (13th ed. 1972) and cases cited therein. Also, we point out that under the Federal Rules of Evidence, a statement is not even considered hearsay if it is "one of identification of a person made after perceiving him." *Fed.R.Evid.* 801(d)(1).

■ The defendant also says that Detective Flair's testimony before the jury of the robber's description, as given to him by the victim, was hearsay. Since we have found that the victim's testimony was properly admitted into evidence, then Detective Flair's repetition of this description was merely cumulative and thus harmless. It is not prejudicial error if improper evidence of a fact is fully shown by other competent evidence. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963), *cert. denied*, 377 U.S. 955, 84 S.Ct. 1633, 12 L.Ed.2d 499 (1964); *Brown v. State*, 186 Tenn. 378, 210 S.W.2d 670 (1948).

Next, the defendant insists that the trial court should have granted his special request for an instruction on identification. The defendant's requested instruction was based on language taken from *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir. 1972). In *Holt v. State*, 591 S.W.2d 785, 791 (Tenn.Cr.App.1979), our Court held that "Tennessee does not require the 'Telfaire charge.'" The trial court's instructions to the jury followed the Tennessee Pattern Jury Instruction on this subject. T.P.I.—Crim. 37.17. They were adequate and complete. It is not error to refuse a special request for jury instructions where the charge as given fully and fairly states the applicable law. *Edwards v. State*, 540 S.W.2d 641 (Tenn.1976).

In his final complaint, the defendant says the court erred in not allowing him to argue to the jury facts about an unrelated case for the purpose of illustrating the dangers of mistaken identification.

Our courts have consistently held that arguments by counsel must be predicated on the evidence introduced during the trial of the case. *Russell v. State*, 532 S.W.2d 268 (Tenn.1976); *State v. Tyson*, 603 S.W.2d 748 (Tenn.Cr.App.1980).

In the present case, the defendant's counsel wanted to tell the jury about a recent case involving a mistaken identification. When he referred to a "rape in Washington County, Tennessee," the State entered an objection which was sustained. Since there was no evidence admitted during this trial about this unrelated case, the trial court properly sustained the objection.

We find no reversible error in this record. The judgment of the trial court is affirmed.

WALKER, P. J., and SCOTT, J., concur.