STATE of Tennessee, Appellee,

v.

Larry Clark DAVIS, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 20, 1982.

Permission to Appeal Denied by Supreme Court March 14, 1983.

Suellen Wideman and Kenneth J. Ries, Public Defender's Office, John McGrail, Research Asst., Nashville, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, Jerry L. Smith, Asst. State Atty. Gen., Weakley E. Barnard and Jack Seaman, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of bank robbery and was sentenced to serve not less than nor more than twenty-five (25) years in the state penitentiary.

The defendant says the trial court erred in ruling that the state could use two prior bank robbery convictions to impeach the defendant's credibility, says the trial court erred in refusing to make a pretrial ruling regarding the admissibility of the two prior bank robbery convictions, says the trial court should have given the jury the *Telfaire*[1] charge on the issue of identification, says the trial court should have given a second requested jury instruction on the issue of identification, says the trial court should have instructed the jury on simple robbery, grand larceny and attempt to commit a felony as lesser included offenses of bank robbery, and says the trial court erred in excusing two prospective jurors for cause without allowing defense counsel the opportunity to examine them.

The judgment is affirmed.

■ The defendant does not challenge the sufficiency of the evidence. Our examination of the record reveals there was sufficient evidence to support the guilty verdict beyond a reasonable doubt.

The defendant argues the trial court should not have ruled that if the defendant testified, he could be impeached with evidence of two prior bank robbery convictions. The defendant cites the case of *Long v. State,* 607 S.W.2d 482 (Tenn.Cr.App. 1980), for the proposition that evidence of prior convictions for crimes similar to the crime on which the defendant is being tried should be admitted sparingly.

■ We find the trial court did not err in ruling the prior convictions to be admissible for impeachment purposes. In *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976), the Tennessee Supreme Court adopted Rules 608(b) and 609(a) and (b) of the Federal Rules of Evidence to deal with the issue of use of prior convictions to impeach the credibility of a witness. Rule 609(a)(2) provides that prior convictions involving dishonesty or false statement may be used for impeachment purposes. There is no provision in this rule requiring that the trial court balance the probative value versus the prejudicial effect of the evidence of conviction where the crime involves dishonesty or false statement.

This Court has held that a robbery is dishonest conduct and can be used to impeach a witness without a hearing to determine probity versus prejudice. *State v. Fluellen,* 626 S.W.2d 299 (Tenn.Cr.App. 1981).

The defendant's reliance on *Long, supra,* is misplaced as the prior convictions in *Long,* unlike the prior conviction in this case, were for crimes which did not involve dishonesty or false statement. Therefore, this issue is overruled.

■ The trial court did not err in declining to make a pretrial ruling regarding the admissibility of prior convictions for impeachment purposes. The Tennessee Supreme Court in *State v. Martin,* 642 S.W.2d 720, Davidson Criminal, filed December 6, 1982, held it is within the trial court's discretion whether to rule on the admissibility of the defendant's prior convictions before the defendant makes an election to testify or not. In *Martin,* the Court said the defendant's prior convictions for attempt to commit armed robbery, second degree burglary, third degree burglary, and concealing stolen property were "facially in the honesty and false statement category and clearly admissible" and that "defendant's counsel did not need guidance from the [c]ourt to make an informed decision as to those convictions."

---

1. *United States v. Telfaire,* 469 F.2d 552 (D.C. Cir.1972).

In this case the trial court ruled, after the state's proof and prior to the defendant's election not to testify, that the prior bank robbery convictions were admissible. Bank robbery involves dishonest conduct. The trial court would not have been required to make this ruling before the defendant's election whether or not to testify. Clearly then, the trial court did not err in refusing to make a pretrial ruling on the admissibility of these convictions.

■ We find the trial court did not err in refusing to give the *Telfaire* charge on the issue of eyewitness identification as requested by the defendant. This Court has specifically held that the *Telfaire* charge is not required in Tennessee. *State v. Lewis,* 628 S.W.2d 750 (Tenn.Cr.App.1981); *Holt v. State,* 591 S.W.2d 785 (Tenn.Cr.App.1979). In this case, the court charged the jury from T.P.I.-Crim. 37.17, which charge has been found to be a sufficient statement of the law. *Lewis, supra.*

■ The defendant argues the trial court erred in refusing to give a requested jury instruction on possible misidentification by an eyewitness. The requested instruction was derived from language in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), which was cited and endorsed by the Tennessee Supreme Court in *Bennett v. State,* 530 S.W.2d 511 (Tenn. 1975).

These cases set out the factors to be considered by the trial court in determining whether an in-court identification should be excluded because it was so tainted by a suggestive identification procedure as to offend due process standards. These cases do not require that the jury be instructed as to the possibility of misidentification.

We find the trial court's instruction from T.P.I.-Crim. 37.17 is a correct statement of the law, *Lewis, supra,* and that the trial court did not err in refusing to give the defendant's requested instruction.

■ There is no merit to the defendant's argument that the trial court erred by not charging the jury on simple robbery, grand larceny, and attempt to commit a felony as lesser included offenses of bank robbery. The trial court is not required to instruct the jury on lesser included offenses where there is no evidence to support a finding of guilt on the lesser offenses. *State v. Mellons,* 557 S.W.2d 497 (Tenn. 1977). The evidence in the present case clearly shows the defendant used a gun to rob a bank. There are no facts in the record which are susceptible of inferring guilt of a lesser offense or offenses.

■ The defendant argues his right to examine prospective jurors was violated by the trial court's action of dismissing two prospective jurors for cause without allowing the defense a chance to rehabilitate them. The defendant further asserts this action resulted in the state being given an extra peremptory challenge.

Juror Sullivan was excused for cause because in 1981 he had discussed a DUI charge against him with one of the defense attorneys, although this attorney never actually represented him in the matter. The record of the voir dire of the jury shows the charge against Juror Sullivan was still pending at the time this case was tried.

In *Durham v. State,* 182 Tenn. 577, 188 S.W.2d 555 (1945), our Supreme Court held "a juror is incompetent on the ground of bias if he is a party to, or interested in, another suit of the same character or involving the same controversy." Because Juror Sullivan at the time of this trial had a criminal charge pending against him, we find it was proper to excuse him for cause from serving on the jury in a criminal case.

Juror Bargatze was excused for cause because she said it would bother her very much to fix punishment although she was trying to overcome this problem.

■ A juror must be able to reach a verdict to be competent to serve on a jury, and sentencing is part of reaching a verdict. Therefore we find the trial court did not err in excusing Juror Bargatze for cause.

Even if the trial judge erred in excusing these jurors for cause with the result of allowing the state an additional peremptory

challenge, reversal is not required where this is no showing of prejudice to the defendant. *State v. Wingard,* 480 S.W.2d 915 (Tenn.1972). There is nothing in this record to show the jury was not fair and impartial.

DWYER and DUNCAN, JJ., concur.