STATE of Tennessee, Appellee,

v.

Hubert Lee GIBSON, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 9, 1985.
Permission to Appeal Denied by
Supreme Court Oct. 28, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen., Athens, for appellee.

Michael L. Schneider, Cleveland, for appellant.

## OPINION

O'BRIEN, Judge.

Hubert Lee Gibson was jointly indicted with Dennis Arp, Sam Patterson, George Watson, and Hubert Doyle Gibson by the Polk County Grand Jury. Arp entered a guilty plea to conspiracy to sell marijuana. This defendant, Sam Patterson, and Doyle Gibson were found guilty by a jury of selling marijuana. Defendant was fined One Thousand Dollars ($1,000), and sentenced to three (3) years imprisonment. The trial against Watson resulted in a hung jury.

Defendant challenges the sufficiency of the evidence to support his conviction. There is evidence in the record to show that on September 27, 1982, a Tennessee Bureau of Investigation agent contacted Arp and arranged the purchase of one pound of marijuana. The sale was consummated with Doyle Gibson and Arp present. During this transaction the agent discussed with Doyle Gibson and Arp the arrangements for regular drug transactions. Agreement was made for the agent to purchase one hundred pounds (100 lbs) of marijuana a week. A meeting was set up to make the first hundred pound delivery on September 29th. On that day TBI agents trailed Doyle Gibson and Arp, following their directions, to several locations in Bradley and Polk County. At one point Doyle Gibson stopped to make a phone call. References were made by him to "Dad" during the conversation. It was planned for the agents to meet Arp and Doyle Gibson at a burger place, where a "decoy" would come in, buy a small coke and leave, as a signal that arrangements were complete and the marijuana buy could be made. As they entered the restaurant Doyle Gibson pointed out a green pick-up truck in the parking lot and told the agents, "that guy is one of ours". As they waited defendant came into the restaurant, purchased a small coke, and left in a brown Cordova automobile. Doyle Gibson informed the agents that was the prearranged signal, and everything was ready. They proceeded to a rural area where the buy was to be made at a place owned by George Watson. Patterson was on the scene when they arrived. Arp, Patterson, and Doyle Gibson led one of the agents up an embankment where five garbage bags full of marijuana had been stashed. As they returned to the agent's car they were arrested. Watson was arrested near his green pick-up truck a short distance away. Defendant was found lying face down on an embankment at a point between the two vehicles.

Watson and Patterson testified they were present to repair a broken water pump on the property and that defendant was there to discuss purchasing the property from Watson. Arp had signed affidavits prior to trial stating that defendant, Patterson and Watson were not involved in the drug transaction, but testified to the contrary at trial and incriminated them.

■ The evidence was fully sufficient to support a finding of guilt by a rational trier of fact beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e).

The next issue concerns denial of a motion in limine seeking to limit admission of evidence of a prior conviction of sale of a Schedule IV controlled substance.

■ The trial court ruled on the motion that evidence of a recent conviction on a plea of guilty would be admissible under the authority of *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976). In *Morgan* our Supreme Court adopted the Federal Rules

of Evidence in regard to impeachment of a witness by evidence of conviction of some other crime. Under the case law in this State a trial court may in its discretion refuse to rule on a motion in limine to limit admission of evidence of another crime prior to the time a defendant takes the stand. See *Houston v. State,* 567 S.W.2d 485 (Tenn.Cr.App.1978). Defendant insists the facts of this case are controlled by our ruling in *Long v. State,* 607 S.W.2d 482 (Tenn.Cr.App.1980). We cannot subscribe to that theory. The intent of *Long* was simply to establish guidelines to assist trial judges in striking the necessary balance between probative value and prejudice in making the determination to admit, or not to admit, such evidence. *Long,* supra at 485. There is no prohibition against admitting evidence of prior convictions for drug offenses. See *Hart v. State,* 568 S.W.2d 295, 296–297 (Tenn.Cr.App.1978); *State v. Holcomb,* 643 S.W.2d 336, 343 (Tenn.Cr. App.1982). The very nature of the act of dealing in drugs is indicative of dishonesty, expressing as it does the design and determination to violate the law. Defendant was faced with the dilemma of having relevant character traits exposed by cross-examination or to forego the opportunity to endeavor to explain his presence at the scene of the drug sale. The vitality of his testimony was diminished, had it been admitted, because it was cumulative of that of George Watson who testified Gibson was there to inquire about purchasing the property. While the elements of the two crimes involved here are the same we do not find any abuse of discretion on the part of the trial judge in ruling that the State could use evidence of the prior conviction for impeachment purposes. See *State v. Sheffield,* 676 S.W.2d 542, 549 (Tenn.1984). We find the issue without merit.

■ Defendant contends it was error to admit into evidence taped conversations of his co-defendants. Part of this evidence was a conversation between defendants Arp, Doyle Gibson, and a TBI agent which included no mention of the defendant. The remainder of the tape involved a one-sided conversation by Doyle Gibson over the tele-

phone. The TBI agent testified the person called was addressed as "Dad". At trial there was no objection to the admission of the tape until most of it had been heard by the jury. The objection made was not to the tape recording itself but to the agent's testimony in explanation of the tape contents. It is argued here that the admission of the tapes constitutes a violation of the rule of prohibition set out in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Bruton* prohibited the use of an incriminating statement of a non-testifying co-defendant. The taped conversations in this case did not mention defendant directly or by inference. There was no *Bruton* violation.

The judgment of the trial court is affirmed.

BYERS and CORNELIUS, JJ., concur.