**STATE of Tennessee, Appellee,**

v.

**Tony Earl VALENTINE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 30, 1983.

Permission to Appeal Denied by Supreme Court Oct. 11, 1983.

**28**

A.C. Wharton, Jr., Public Defender, Walker Gwinn, Charles D. Wright, Asst. Public Defenders, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Phillip Ray Baker, James C. Beasley, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

A Shelby County Grand Jury indicted the defendant, Tony Earl Valentine, for burglary in the third degree and petit larceny. The jury found the defendant guilty of third-degree burglary and of an attempt to commit petit larceny. Punishment was fixed by the jury on the burglary count at not less than 3 years nor more than 4 years confinement in the State penitentiary. The jury fixed punishment for the attempt to commit petit larceny conviction at imprisonment for not less than 1 year nor more than 2 years. The trial judge erroneously held that the attempt to commit larceny conviction was merged into the burglary conviction and the defendant was sentenced only for the burglary conviction. The defendant appeals the burglary conviction. The State did not file a notice of appeal but pursuant to Rule 13(a), and 27(b), T.R.A.P., seeks review of the action of the trial judge in ordering the merger of the convictions. We affirm the conviction for burglary, reverse the judgment of the trial court merging the attempt to commit petit larceny conviction with the burglary conviction and remand for further proceedings with respect to the attempt to commit larceny verdict.

The only issue presented by the defendant is that the evidence was insufficient to support his conviction for third-degree burglary. We will therefore summarize the facts established by the accredited evidence.

The defendant was convicted of burglarizing the Centenary United Methodist Church in Shelby County. The State established through Willie Walker, the custodian, that the doors to the church had been securely locked following choir practice on the night of May 4, 1982. Early the next morning, Walker was summoned to the church in response to a burglar alarm. He observed that one of the doors was open and the glass broken. Twenty feet from the open door, inside the church, were stacked an IBM typewriter and slide projector belonging to the church together with a fan belonging to the Headstart School. The typewriter was kept in the church office and the

fan was kept in the kitchen. The facing had been knocked off the previously undamaged, locked, interior door to the church office. All of the cabinets and drawers in the office had been ransacked and a set of keys kept in a desk drawer had been taken upstairs.

A police officer testified that he responded to the burglar alarm and found that the church door had been forced open. Upon entering the church, he saw a black male inside frantically attempting to get out. Upon seeing the policeman, the black man ran farther into the church.

A police "dog car" arrived and the defendant was found inside the church close to where the typewriter and other items had been placed. The arresting officer identified the defendant as the man found to be hiding in the church. On some of the equipment placed with the typewriter, a fingerprint was found which was established by experts to be that of the defendant. The defendant did not testify and offered no proof.

■ The evidence is sufficient upon which a rational jury could be convinced beyond a reasonable doubt of the defendant's guilt of third degree burglary. We must therefore overrule this issue. Rule 13(e), T.R.A.P.

■ We now address the issue presented by the State that the trial judge erred in merging the conviction for an attempt to commit petit larceny with the conviction for burglary. The trial judge erroneously instructed the jury that the defendant could not be convicted of both burglary and larceny. Notwithstanding the erroneous instructions, the jury found the defendant guilty of burglary and attempt to commit petit larceny and fixed punishment for both offenses. As stated, the trial judge sentenced the defendant only on the burglary conviction and entered a judgment ordering the conviction for the attempt to commit petit larceny to be merged with the conviction for burglary. It is now well established that this is error. *State v. Davis,* 613 S.W.2d 218 (Tenn.1981).

■ The record does not indicate that the trial judge considered the attempt to commit larceny conviction in his capacity as a 13th juror. Colloquy between the trial judge and counsel suggests that "local Shelby County rules" prevent a conviction for burglary and a felonious act committed after a burglarious entry (in this case—larceny). We hasten to say that the general law as pronounced in the *Davis* case is common to all of the counties in the State, including Shelby County. Local rules cannot be adopted which are at variance with the general law.

Unlike the verdict in the *Davis* case where the jury found the defendant guilty of larceny but did not fix punishment for that offense, the jury here actually fixed punishment upon finding Valentine guilty of attempt to commit petit larceny. The jury verdict was valid and the trial judge erred in entering the judgment ordering the merger of the offenses.

■ Though the State did not appeal, it may seek review and relief of the action of the trial court in effectively setting aside and dismissing the indictment charging the defendant with petit larceny and the jury verdict finding him guilty of attempting to commit petit larceny. Rule 3(c), Rule 13(a), Rule 27(b), T.R.A.P.; *Eller Bros., Inc. v. Home Fed. Sav. & Loan,* 623 S.W.2d 624 (Tenn.Ct.App.1981).

The judgment of conviction for third degree burglary is affirmed. The jury verdict finding the defendant guilty of attempting to commit petit larceny is reinstated. The case is remanded to the trial court for sentencing and for the action of the trial judge as the thirteenth juror with respect to the attempt to commit petit larceny verdict. In the event the trial judge approves the attempted petit larceny conviction, then he will determine whether the sentence imposed in that case be served concurrently or consecutively with the burglary conviction.

WALKER, P.J., and SCOTT, J., concur.