**STATE of Tennessee, Appellee,**

v.

**Phillip S. ROBERTS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 16, 1996.

Permission to Appeal Denied by Supreme Court Nov. 12, 1996.

---

Gale K. Flanary, Asst. Public Defender, Blountville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Clinton J. Morgan, Asst. Attorney General, Nashville, Carl K. Kirpatrick, District Attorney General, Phyllis Miller, Asst. District Attorney General, Blountville, for Appellee.

## OPINION

PER CURIAM.

At his jury trial, the defendant was convicted of four counts of burglary, three counts of attempted theft of property valued at more than one thousand dollars but less than ten thousand dollars, and one count of possession of burglarious instruments. He was sentenced to imprisonment for four years for each of the attempted theft offenses, eleven months and twenty-nine days for the possession of burglarious instruments offense, and four years for three of the four burglary offenses.[1] These sentences are to be served concurrently with one another. The fourth burglary offense[2] resulted in a sentence of two years imprisonment which is to run consecutively to the other sentences, for an effective sentence of six years. The defendant raises three issues on appeal challenging the judgment below. He first contends that the trial court erred in failing to dismiss the auto burglary charges. In his second issue he contends that the court erred in allowing cross-examination of the defendant as to his prior convictions. Finally, he contends that the evidence was insufficient as to the attempted theft charges. We agree with the defendant on his first issue and reverse his convictions and dismiss three of the burglary charges.

**FACTS**

At approximately 3:30 a.m. on August 21, 1993, Kingsport, Tennessee, police officers Brian Taylor and Tim Candler were off duty and in the apartment they shared at the Cross Creek apartment complex. Mr. Taylor heard a noise outside the apartment which prompted him to look out his window. He observed a man inside his neighbor's Ford Probe automobile looking around the ignition and steering column area of the car. Mr. Taylor continued to watch as the man left the Probe and went to a nearby Mazda, entering it by using a tool. The man focused his attention again on the ignition and steering column of the Mazda as he did in the first car. Mr. Taylor observed the man as he went to a third car, a Buick, and entered it using a tool as with the Mazda. He could not see what the man did after he entered the third car.

Mr. Taylor woke Mr. Candler and they called the police department. Messrs. Taylor and Candler then went to the parking lot to apprehend and arrest the man, who is before this court as the defendant. Upon apprehending the defendant, the officers found on his person an array of burglary tools, including a screwdriver with red paint on the tip and a mask made from a red T-shirt over his head and face. On-duty police officers arrived immediately thereafter and took custody of the defendant along with the mask and tools.

**ISSUE I**

For his first issue, the defendant argues that his four convictions for burglary of four automobiles should be dismissed because the acts of entry into those automobiles, which were the bases of the burglary convictions, were merely a part of the attempted theft of those same vehicles, and therefore may not support separate convictions for burglary in addition to the convictions for attempted theft.

The defendant relies chiefly on *State v. Anthony*, 817 S.W.2d 299 (Tenn.1991), in

---

**1.** Case nos. S34,710, S34,712, and S34,713. The case numbers of the burglary convictions are noted because they carry different sentences and we do not reach the same result as to all.

**2.** Case no. S34,711.

making his argument. The defendants in *Anthony* were convicted of both aggravated kidnapping and armed robbery for conduct arising out of the same episode. The defendants had held the employees of a restaurant at gunpoint while they robbed it. *Id.* at 301. The court explained that the dual convictions did not raise a double jeopardy issue, because the offenses of aggravated kidnapping and armed robbery clearly involved separate elements such that, even for conduct arising out of the same episode, convictions for both would not violate double jeopardy principles.[3] *Anthony*, 817 S.W.2d at 303. *See* Tenn. Const. art. I, § 10; U.S. Const. amend. V.

However, the Court continued, such a kidnapping conviction would violate due process guarantees, if the facts on which the conviction was based were insufficient to support the conviction. *Anthony*, 817 S.W.2d at 306. The relevant inquiry is whether:

> [the act on which the kidnapping conviction is based] is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction.

*Id.*

Every robbery, the Court noted, by the act's very nature involves some detention of the victim. This does not mean, however, that the General Assembly intended that each robbery should also constitute a kidnapping, even though a literal reading of the kidnapping statute might suggest so. The task in each case, the Court explained, is to apply the statute narrowly, so as to make its reach fundamentally fair and guard each defendant's due process rights. *Anthony*, 817 S.W.2d at 306.

Applying this analysis, the Court in *Anthony* found that the detention of the employees

that was the basis of the kidnapping convictions was not any more than was necessary to accomplish the armed robbery itself. Accordingly, the Court affirmed the Court of Criminal Appeals' reversal of the kidnapping convictions. *Id.* at 307.

In *Anthony* the Court made clear that its decision did not preclude the possibility that convictions for both robbery and kidnapping could be had for conduct arising out of the same episode. Had the victims in the *Anthony* situation been taken hostage, for example, then perhaps the facts would have been sufficient to support a kidnapping conviction. *Id.* at 308.

The Court of Criminal Appeals has since found that the *Anthony* principles outlined above do not apply only to cases involving robbery and kidnapping. *See, e.g. State v. Gregory*, 862 S.W.2d 574, 579 (Tenn.Crim. App.1993) (applying *Anthony* to convictions for first-degree murder, aggravated rape, and kidnapping); *State v. Luster*, No. 02C01-9201-CR-00019, Shelby County, 1992 WL 345443 (Tenn.Crim.App. filed November 25, 1992, at Jackson) (applying *Anthony* to convictions for attempted aggravated rape and aggravated assault). This case, however, is distinguishable from *Anthony* and its progeny because the attempted theft of a vehicle does *not*, by definition, involve a breaking and entering into the vehicle. For instance, a hitchhiker willingly picked up may (unsuccessfully) attempt to hot-wire the vehicle while the driver stops at a convenience store and takes the car keys with him. While the hitchhiker's actions would constitute an attempted theft of the vehicle, no actions consistent with a burglary would have preceded the offense. Thus, *Anthony* is not strictly applicable to this defendant's case.

Nevertheless, we conclude that the due process concerns underlying the holding of *Anthony* mandate a similar result under

---

**3.** The court here was applying the so-called "Blockburger test." In determining whether *separate convictions and punishments* may be had for acts occurring in the same criminal episode, that test asks whether each statute requires proof of a fact which the other does not. If so, then under the Blockburger test separate convictions and punishments are not in violation of double jeopardy principles. *Anthony*, 817 S.W.2d at 302–303. (citing *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d

these particular facts.[4] Here the burglary indictments each allege that the defendant entered each vehicle with the intent to commit a theft. The theft allegedly intended in each instance was of each automobile. As required by the theft of property statute, T.C.A. § 39–14–103, the indictments for attempted theft each allege that the defendant attempted to obtain and exercise control over property, *i.e.,* each vehicle, with the intent to deprive the owner thereof.

The intent elements in the indictments for burglary and attempted theft, though expressed in different language, are the same. Each alleges, in essence, that the defendant acted with the singular intent to commit a theft of each vehicle. The substance of the proof presented by the State at trial is consistent with the indictments. The acts of entry into each vehicle as alleged and proven at trial, therefore, were only incidental to the attempt to steal each vehicle. Just as every robbery involves some detention of the victim, *see Anthony,* 817 S.W.2d at 306, in this case each attempt to steal each vehicle involved an entry into each vehicle.

■ We note that it is not generally a violation of double jeopardy or due process protections to convict and punish a defendant for both burglary and theft.[5] *State v. Davis,* 613 S.W.2d 218, 221 (Tenn.1981); *State v. Campbell,* 721 S.W.2d 813, 818 (Tenn.Crim. App.1986). Burglary, T.C.A. § 39–14–402, and theft of property, T.C.A. § 39–14–103, are codified in different sections; they each require at least one different element; they protect different interests; and neither is a lesser included offense of the other. *See Davis,* 613 S.W.2d at 221. If, for example, the State had alleged and shown that the defendant entered each vehicle with the intent to commit some felony, theft, or assault

other than to steal the vehicle, such as to steal the radio or other articles from within, and then attempted to steal the vehicle, then those alleged facts would likely require a different result from the one we reach here. However, here the acts of entry into the vehicles as alleged and proven by the State are merely an essential and incidental step in the attempted theft of the vehicles themselves. The act of breaking into the vehicles is not significant enough, in and of itself, to warrant independent prosecution where the defendant is also convicted of attempted theft. We hold that, under the facts of these cases, convictions for both burglary and attempted theft violate the principles of *Anthony.* Accordingly, the defendant's convictions for burglary in counts one, three and five are reversed and dismissed.

## ISSUE II

■ For his second issue, the defendant contends that the State should not have been allowed to use his prior convictions for breaking and entering into a business with intent to commit larceny, grand larceny, and bringing stolen property into the State of Tennessee to impeach his testimony. He specifically complains that those prior convictions were too similar to the offenses with which he was charged in the court below to be admissible. After a thorough review of the record and the applicable law, we find that the issue is without merit.

Rule 609 of the Tennessee Rules of Evidence provides that the State may use prior convictions for felonies or crimes of dishonesty to impeach the credibility of a witness after the witness has testified on direct examination. Tenn.R.Evid. 609(a). When the witness in question is the defendant in a

616 (1975), and *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**4.** Notwithstanding our holding with respect to the three counts of burglary that were linked with the three counts of attempted theft, the defendant's conviction on the fourth count of burglary (of the Buick) is affirmed. In its discretion, the State chose to prosecute the defendant for burglary for the acts he performed regarding this vehicle, but not for attempted theft. Since no attempted theft of the Buick was prosecuted, the acts which constituted the burglary thereof

cannot be said to be essentially incidental to any alleged attempted theft of the same automobile. Thus, the defendant's argument for reversal of the conviction for burglary of the Buick has no merit.

**5.** *See also State v. Valentine,* 659 S.W.2d 27 (Tenn.Crim.App.1983), which affirms convictions for burglary and attempted petit larceny. This opinion, however, predates the Tennessee Revised Criminal Code of 1989 and *Anthony.*

criminal prosecution, the State must give reasonable notice to the defense and the trial court of its intent to introduce the defendant's prior convictions should the defendant testify. *Id.* at 609(a)(3). Upon request, the trial court must rule before the defendant takes the witness stand on whether the probative value of the prior conviction outweighs the possible prejudicial effects on the substantive issues before the fact-finder. *Id.* Careful consideration of this question is especially in order where the prior conviction to be introduced is similar to or the same as the charge under consideration at trial against the defendant. This is to avoid the impression on the fact-finder that, if the defendant committed the same or similar crime before, then he or she probably committed the offense on trial as well. If the court finds that the probative value outweighs the possible prejudicial effect, then the State may introduce the prior convictions to impeach the witness' credibility once he or she has testified on direct examination. *Id.*[6]

▮ Evidence of a prior conviction that is similar to or the same as an offense being prosecuted against a defendant is not per se inadmissible to impeach the defendant's credibility as a witness.[7] The standard is not whether there is *any* prejudice to the defendant by allowing the State to use the prior conviction for impeachment, but whether the possible prejudice is outweighed by the probative value of the evidence as to the defendant's credibility as a witness. *See State v. Gibson,* 701 S.W.2d 627, 629 (Tenn.Crim.App. 1985); *State v. Sheffield,* 676 S.W.2d 542, 549 (Tenn.1984).

For purposes of this review, this Court does not re-evaluate whether the probative value of the State's use of the defendant's prior convictions outweighs the possible prejudicial effect it might have had. We only evaluate whether the trial judge abused his discretion in ruling that the State could use the prior convictions for impeachment of the defendant's testimony. We find that the trial judge did not abuse his discretion.

The State presented strong proof at trial, including the eyewitness account of a police officer, as to what the defendant did in and around the vehicles in question. But the State also had the burden to demonstrate the defendant's underlying intent. Specifically, the State had to show that the defendant had the intent to commit a felony or theft when he entered the cars under the burglary counts,[8] and that, as he tried to start each, he intended to permanently deprive the owner of his or her car under the attempted theft counts.[9] Because the defendant did not communicate his intent to anyone as he committed these acts, the State had to rely entirely on circumstantial evidence to demonstrate to the jury that the defendant had the intent necessary to support guilty verdicts in each of the counts charged.

In light of the State's overwhelming proof as to what the defendant did, it would have been all but useless for the defendant to attempt in his testimony to show that he did not enter the cars or attempt to start them. However, the State might reasonably have anticipated that the defendant would attempt to convince the jury that he had some intent other than to commit a felony or theft, such as to joyride, a misdemeanor, as he indeed did testify. The defendant's credibility as a witness was therefore a *critical*

---

6. Rule 609(b) provides that if the prior conviction is less than ten years old, under the method of calculation explained therein, the probative value must merely outweigh the possible prejudicial effect. If the prior conviction is older than ten years, however, the probative value must *substantially* outweigh the possible prejudicial effect. The prior convictions in question here are all less than ten years old, and therefore are subject to the less strict standard.

7. *See State v. McGhee,* 746 S.W.2d 460, 463 (Tenn.1988) (prior armed robbery conviction admissible to impeach credibility as a witness of defendant on trial for armed robbery); *State v.*

*Gibson,* 701 S.W.2d 627, 628–629 (Tenn.Crim. App.1985) (prior drug offense convictions admissible to impeach credibility as a witness of defendant on trial for sale of controlled substance); *State v. Eaton,* No. 03C01–9209–CR–00044, 1992 WL 386328 (Tenn.Crim.App. filed December 29, 1992, at Knoxville) (prior convictions for aggravated burglary and breaking and entering admissible to impeach credibility as a witness of defendant on trial for theft).

8. T.C.A. § 39–14–402(a)(4).

9. T.C.A. § 39–14–103.

issue. Accordingly, it was within the trial court's discretion to allow the State to use the defendant's prior convictions to impeach his credibility as a witness.

■ We note that even if it had been error for the trial court to rule that the prosecution could use the defendant's prior convictions to impeach his credibility, such error would have been harmless in light of the overwhelming proof that the State produced as to the defendant's actions on the night in question and the patently unconvincing nature of the defendant's testimony as to his intent,[10] which we will note again in the discussion of the third issue in this appeal. The jury had more than sufficient evidence from which to find that the defendant was guilty of the offenses charged without having to rely on any prejudicial impressions that may have resulted from the introduction of his prior convictions for similar crimes.

■ While we hold that the trial court did not commit error by ruling admissible for impeachment purposes the defendant's prior convictions, we do not agree with the State that the defendant waived this issue when he testified about these prior convictions on direct examination. In *State v. McGhee*, 746 S.W.2d 460 (Tenn.1988), our Supreme Court addressed this waiver issue in a similar context. In that case, the defendant, who was on trial for armed robbery, filed a motion in limine to prevent his impeachment by proof of a prior armed robbery conviction. After a jury-out hearing, the trial court made a "clear and definitive ruling" that the conviction was admissible. *McGhee*, 746 S.W.2d at 463. The defendant then took the stand and testified on direct examination about the prior conviction. On appeal, this Court held that the defendant's own testimony about his prior conviction waived any issue about the trial court's ruling. Our Supreme Court held our ruling to be error, stating, "it was not necessary for counsel further to object to that ruling. After the ruling had been made, clearly and unequivocally, in our opinion the issue was sufficiently preserved for further

review on appeal without the making of any further objection." *Id.* In support of its ruling, our Supreme Court explained that it was "not inclined to require counsel to make technical, argumentative or repetitious objections to issues which have already been ruled upon." *McGhee*, 746 S.W.2d at 464.

Thus, the defendant has not waived his right to contest the trial court's ruling that his prior convictions were admissible for impeachment purposes. As set forth above, however, we find this issue to be without merit.

### ISSUE III

■ Lastly, the defendant contends that the evidence presented at trial was insufficient to convict him on the three attempted theft charges. Specifically, the defendant insists that the prosecution did not prove beyond a reasonable doubt that he possessed the requisite intent at the time of the alleged crimes. After a thorough review of the record and the applicable law, we find that this issue is without merit.

The principles which govern this Court's review of a conviction by a jury are settled. This Court must review the record to determine if the evidence adduced at trial was sufficient to support the finding of the trier of fact of guilt beyond reasonable doubt. T.R.A.P. 13(e). This rule is applicable to determinations of guilt predicated upon direct evidence, circumstantial evidence, or a combination thereof. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn.Crim.App.1990).

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reason-

---

10. The defendant insisted in his testimony at trial and again here on appeal that he only intended to borrow a car to go and visit his girlfriend. It is not surprising that the jury chose to disbelieve

defendant's testimony given that he could not state his alleged girlfriend's last name with certainty and that, when asked where his girlfriend lived, he replied, "I ain't figured that out yet."

able doubt. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage,* 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973).

The defendant emphasizes in his brief that the State has the burden of proving guilt beyond a reasonable doubt, citing *Roe v. State,* 210 Tenn. 282, 358 S.W.2d 308 (1962); *Hardin v. State,* 210 Tenn. 116, 355 S.W.2d 105 (1962); *Marshall v. State,* 528 S.W.2d 823 (Tenn.Crim.App.1975). We obviously concur with that proposition, but find that the State has proven this defendant's guilt on all three attempted theft charges by proving each and every element of the offenses, including the defendant's intent.

It has been long established that a jury may infer a criminal defendant's intent from the surrounding facts and circumstances. *State v. Lowery,* 667 S.W.2d 52, 57 (Tenn. 1984); *Hall v. State,* 490 S.W.2d 495, 496 (Tenn.1973); *Burns v. State,* 591 S.W.2d 780, 784 (Tenn.Crim.App.1979). Indeed, the actions of a defendant constitute circumstantial evidence of his intent. *State v. Holland,* 860 S.W.2d 53, 59 (Tenn.Crim.App.1993); *State v. Barker,* 642 S.W.2d 735, 737 (Tenn.Crim.App. 1982). Moreover, "[i]ntent may, and necessarily must in most cases, be inferred from the facts; as from the fact that a felony is actually committed or attempted...." *Holland,* 860 S.W.2d at 59 n. 14, quoting Justin Miller, *Criminal Law* § 108, at 338 (1934).

In this case, the State produced circumstantial evidence as to the defendant's intent from which the jury could reasonably infer that the defendant possessed the requisite intent to permanently deprive each of the owners of their automobiles. The State showed, and the defendant did not refute, that he came to the apartment parking lot (1) in the dark, very early morning; (2) while wearing a mask which hid his face; and (3) armed with an array of burglary tools. The State also produced an off-duty police officer as an eyewitness who testified that he saw the defendant focusing on the ignition and steering column of two of the vehicles in question, and the proof linked red paint observed in the ignition switch of the third vehicle to red paint on the tip of a screwdriver the defendant had on his person at the time of his apprehension.

The defendant insisted in his testimony at trial and again here on appeal that he only intended to borrow a car to go and visit his girlfriend. It is not surprising that the jury chose to disbelieve defendant's testimony given that he could not state the alleged girlfriend's last name with certainty and that, when asked where this girlfriend lived, he replied, "I ain't figured that out yet."

Based on this evidence, it is clear that the jury could properly infer that the defendant intended to permanently deprive the owners of their vehicles. Even if other reasonable inferences could be drawn from the surrounding facts and circumstances, that would not be a proper inquiry for this Court. The adoption or exclusion of potential inferences based on circumstantial evidence is a question within the jury's prerogative. *State v. Boling,* 840 S.W.2d 944, 947 (Tenn.Crim.App. 1992); *Williams v. State,* 520 S.W.2d 371, 374 (Tenn.Crim.App.1974). This issue is without merit.

## CONCLUSION

The judgments of conviction for attempted theft are affirmed. The conviction of

the burglary of the Buick in count seven (No. 34,713) is affirmed. The convictions of the burglaries of the Ford in count one (No. 34,710), the BMW in count three (No. 74,711), and the Mazda in count five (No. 34,712) are reversed and dismissed. The conviction of possession of burglarious instruments is affirmed. The defendant's sentences are adjusted accordingly.

SCOTT and PEAY, JJ., concur.

TIPTON, Judge, concurring and dissenting.

I concur with the affirmance of the one burglary, the attempted theft and the possession of burglary instruments convictions. I dissent from the reversal and dismissal of the remaining three burglary convictions. I believe that the evidence justifies all of the convictions that the defendant received and that we need not determine in this case whether *State v. Anthony,* 817 S.W.2d 299 (Tenn.1991), applies in any fashion to the offenses of burglary and attempted theft.[1] The very fact that not every attempted car theft involves a burglary—a point conceded in the majority opinion—renders the reasoning in *Anthony* inapplicable to this case.

If we were confronted with a case in which the sole proof for an attempted theft was the breaking into a car, then it might be worth considering an *Anthony* due process analysis—because, then, every burglary would necessarily prove the crime of attempt to commit the felony or theft intended. But we are not. In each instance, the defendant committed acts inside the cars that were unrelated to the breaking and entering, but were evidence of attempted thefts. I would hold that the separate convictions are justified.

---

1. In any event, contrary to the implication in the majority opinion, I doubt that we can claim that this court has found that the *"Anthony* principles" apply in cases not involving kidnapping— the crime that is necessarily proven upon proof of such assaultive crimes as rape or robbery. As for the reference to *State v. Cornelius T. Luster,* No. 02C01–9201–CR–00019, Shelby Co., 1992 WL 345443 (Tenn.Crim.App. Nov. 29, 1992), the majority opinion fails to note that the lead opinion's application of *Anthony* apparently did not gain the support of the other two members of the panel, one concurring in results only and the other expressly rejecting the use of *Anthony*.