# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1999 SESSION

FILED

July 9, 1999

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                )    NO. 01C01-9809-CC-00396
        Appellee,               )
                                )    FRANKLIN COUNTY
VS.                             )
                                )    HON. BUDDY D. PERRY,
JERRY WAYNE GIFFORD,            )    JUDGE
                                )
        Appellant.              )    (Aggravated Burglary and Theft)

**FOR THE APPELLANT:**

**PHILIP A. CONDRA**
District Public Defender

**FRANCIS W. PRYOR**
Assistant District Public Defender
P.O. Box 220
Jasper, TN  37347-0220

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**JAMES MICHAEL TAYLOR**
District Attorney General

**WILLIAM B. COPELAND**
Assistant District Attorney General
265 Third Avenue, Suite 300
Dayton, TN  37321

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

A Franklin County jury convicted defendant of aggravated burglary, a Class C felony, and theft of property over $1000, a Class D felony. The sole issue in this appeal as of right is the propriety of the trial court's ruling that defendant's prior felony marijuana conviction was admissible for purposes of impeachment. Based upon our review of the record, we **AFFIRM** the judgment of the trial court.

## FACTS

Defendant was indicted and convicted for aggravated burglary and theft of a 4-wheel all-terrain-vehicle (ATV) valued at over $1000. The state's proof at trial included identification testimony from two eyewitnesses who identified defendant as the person riding the stolen ATV the day of the burglary, and testimony from defendant's ex-mother-in-law that defendant promised to return the ATV if she and her husband would drop the charges against him.

The state served notice on defendant of intent to use his prior felony marijuana conviction for purposes of impeachment at trial. At the close of the state's proof and outside the presence of the jury, defense counsel objected to admission of the prior conviction. The trial court overruled the motion finding that the conviction met the prerequisites of Tenn. R. Evid. 609(a) for admissibility. During defendant's direct examination, defense counsel elicited defendant's acknowledgment of the prior conviction. The state did not address the conviction during cross-examination.

## WAIVER

2

Defendant claims on appeal that the trial court committed plain error in ruling the prior conviction admissible for impeachment purposes. The state argues that the issue is waived on two alternative grounds: (1) defendant's peremptory admission of the prior conviction on direct examination, and (2) failure to present the issue in his motion for new trial.

This Court addressed the issue of waiver in the context of peremptory testimony by the defendant in State v. Roberts, 943 S.W.2d 403 (Tenn. Crim. App. 1996): "we do not agree with the State that the defendant waived this issue when he testified about these prior convictions on direct examination." *Id.* at 409 (relying on State v. McGhee, 746 S.W.2d 460, 463 (Tenn. 1988)). Thus, defendant did not waive the issue by peremptorily addressing the felony conviction in his direct testimony.

Regardless, the written motion for new trial filed by defense counsel does not set out this issue as a basis for relief. As such, defendant waived the issue for failing to present it in his motion for new trial as required by Tenn. R. App. P. 3(e). Nevertheless, this Court does have the authority to address this issue if we find "plain error." *See* Tenn. R. Crim. P. 52(b); State v. Stephenson, 878 S.W.2d 530, 553-54 (Tenn. 1994).

In this case we find no plain error although the trial court did not conduct the probative value/unfair prejudice analysis as required by Tenn. R. Evid. 609(a)(3). *See* State v. Binion, 947 S.W.2d 867, 874 (Tenn. Crim. App. 1996); State v. Tune, 872 S.W.2d 922, 927 (Tenn. Crim. App. 1993)(both cases allowing the admission of felony drug convictions for impeachment).

Furthermore, even if the trial court erred in allowing this conviction into evidence, the error at most was harmless in light of the evidence against the defendant.

This issue is without merit.

## CONCLUSION

Based upon the forgoing, we AFFIRM the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**ALAN E. GLENN, JUDGE**