IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION

FILED

July 2, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9706-CC-00221 |
| | ) | |
| | ) | Warren County |
| v. | ) | |
| | ) | Honorable Charles D. Haston, Judge |
| | ) | |
| LAWRENCE RALPH, JR., | ) | (Burglary of Automobile, Theft, DUI, etc.) |
| | ) | |
| Appellant. | ) | |

**CONCURRING AND DISSENTING OPINION**

I concur in most of the reasoning and results contained in the majority opinion. However, I respectfully disagree with its conclusion that State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), mandates vacating the burglary conviction. I would affirm all of the convictions.

At the time of Anthony, the offense of kidnapping was defined in such a way that it would necessarily and always be committed when a person committed either a robbery or a rape. It was this inclusion of the elements of kidnapping in every robbery or rape that gave rise to the supreme court in Anthony concluding that the legislature did not contemplate a kidnapping conviction occurring with each and every robbery or rape conviction. It was within this framework that the court devised a test to determine when multiple convictions could be had, i.e., whether the kidnapping was more than just essentially incidental to the accompanying felony.

I do not believe, though, that Anthony reaches to this case. This is because a car burglary is not necessarily committed with each and every theft of a car.

The majority opinion acknowledges as much, but it states that the majority of the panel does not believe that the legislature intended that stealing a car would constitute both burglary and theft. However, it is the very fact that it would be difficult -- although not impossible -- to steal a car without some manner of intrusion that leads me to believe that the legislature intended to apply both burglary and theft to the facts in this case. The burglary precedes and facilitates the theft and is not essentially incidental to it. Without the burglary, the theft of a car becomes much more difficult.

The majority opinion relies upon State v. Roberts, 943 S.W.2d 403 (Tenn. Crim. App. 1996), in which the principles of Anthony were similarly used to vacate a car burglary conviction while sustaining an attempted car theft conviction. I note that I dissented in Roberts for the same reasons that I present in this case. In this sense, I believe that the reasoning used in Roberts as applied in this case in the majority opinion should be reconsidered.

_____
                                        Joseph M. Tipton, Judge
_____

2